UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENSYLVANIA

-----------------------------------------------------

| | |
|---|---|
| LYNN K. CHRISTIAN, : | |
| : | |
| Plaintiff, : | Civil Action No.:  2:13-cv-04144-NIQA |
| : | |
| v. : | |
| : | |
| HONEYWELL RETIREMENT BENEFIT : | |
| PLAN, : | |
| : | |
| Defendant. : | |

-----------------------------------------------------

**DEFENDANT'S REPLY BRIEF
<u>IN SUPPORT OF ITS MOTION TO DISMISS</u>**

Defendant submits this Reply Brief in support of its Motion to Dismiss the Complaint.

## I. PRELIMINARY STATEMENT

Plaintiff's opposition brief cannot, and does not, deny the fundamental and incontrovertible facts compelling dismissal of her claim as time-barred: the Plan ceased paying benefits in 2004, over nine years prior to her filing suit, and Plaintiff was in possession of the Waiver Form – the sole document on which her claim is based – the entire time. As Plaintiff concedes, in this Circuit a claim for benefits accrues when a beneficiary "knew or should have known" about a "clear repudiation," and "such 'clear repudiation' will often occur when benefits end." (Doc. 7, Plaintiff's Brief In Opposition To Defendant's Motion To Dismiss, at 6.) Nothing could be more clear and unequivocal than the Plan's termination of all benefits upon learning of the death of Plaintiff's late husband. That Plaintiff never thought to submit a claim for benefits until eight years later does not lessen the finality of that fact. Having failed to diligently investigate her claim in a timely fashion, Plaintiff now challenges the validity of the Waiver Form submitted to the Plan *nearly 27 years ago*, contending that the Plan wrongly terminated her benefits *over nine years ago*. The statutes of limitations are designed to protect defendants from the expense and prejudice of such belated litigation. Plaintiff's attempt to evade binding Third Circuit precedent to deny the Plan the protections afforded by the statute of limitations is unavailing. Accordingly, the Court should grant Defendant's motion to dismiss.

## II. ARGUMENT

### A. Plaintiff's Claim Accrued No Later Than 2004 When Benefit Payments Ceased

Plaintiff's sole argument opposing Defendant's motion to dismiss flows from the premise that her ERISA claims could not accrue, and the relevant statute of limitations could not begin to run, until she "knew or should have known of her legal right to survivor benefits." (Doc. 7, at 6.)

That premise is incorrect as a matter of law and ignores the fact that she possessed the document on which her claim is based – the Waiver Form – the entire time. Rather, as Defendant explained in its opening brief, the accrual of ERISA claims, like the accrual of other federal statutory claims, is governed by the well-established "discovery rule," whereby a claim accrues when the plaintiff knew or should have known of the *facts* underlying the claim. *Romero v. Allstate Corp.*, 404 F.3d 212, 224 (3d Cir. 2005). ERISA's "clear repudiation" standard is not an exception to that rule, but instead an application of that rule in the ERISA context. *See Miller v. Fortis Benefits Ins. Co.*, 475 F.3d 516, 520 (3d Cir. 2007).

In this Circuit a claim for benefits accrues upon a plan's clear "repudiation *of the benefits*," *id.* at 521 (emphasis added), not upon a plaintiff's discovery of her *legal rights* as Plaintiff contends. (*See* Doc. 7, at 6). *Keen v. Lockheed Martin Corp.*, 486 F. Supp. 2d 481, 488 (E.D. Pa. 2007) (holding that for a benefit claim to accrue, the plaintiff need not be aware "that the injury violates his or her legal rights."). *See also Thompson v. Ret. Plan for Emps. of S.C. Johnson & Son, Inc.*, 651 F.3d 600, 607 (7th Cir. 2011) (dismissing time-barred claims and explaining that ERISA and the law interpreting it "may be obscure, but that will not be held against the defendants.").

Relying on the definition of "adverse benefit determination" set forth in regulations promulgated under ERISA, the *Miller* Court held that an erroneous benefit payment qualified as a repudiation because an underpayment "is effectively a partial denial of benefits" and, just like a denial, "is adverse to the beneficiary and therefore repudiates his rights under a plan." *Miller*, 475 F.3d at 521 (citing 29 C.F.R. § 2560.503-1(m)(4)). Thus, under *Miller*, a benefit claim accrues no later than when there has been an adverse benefit determination, which is defined as including "a denial, reduction, or **termination of, or a failure to provide or make payment** (in

whole or in part) for, a benefit." 29 C.F.R. § 2560.503-1(m)(4) (emphasis added). Like the underpayment in *Miller*, the Plan's termination of benefits upon her husband's death and its failure to provide Plaintiff with survivor benefits was "adverse" to Plaintiff and served as a clear repudiation of her claim.

In a remarkably similar case, the Sixth Circuit dismissed a claim challenging the waiver of a plaintiff's survivor benefits where the claim was brought more than six years after the plaintiff's husband died and the plan ceased paying benefits. *Redmon v. Sud-Chemie Inc. Ret. Plan For Union Emps.*, 547 F.3d 531 (6th Cir. 2008). In *Redmon*, the Sixth Circuit held that the plaintiff's claim was time-barred, explaining that the "cessation of payments was a repudiation of [her] survivor benefits" and that "this repudiation was clear and unequivocal because [the plan] stopped making monthly payments . . . ." *Id.* In so holding, the court rejected the plaintiff's argument that her claim did not accrue until she exhausted her administrative remedies, explaining that "[i]f [plaintiff] is correct, her claim might never accrue and the statute of limitations would never expire . . . contrary to the policy of repose." *Id.* at 539-40 (internal citation omitted).

Likewise, here, if the Court accepts Plaintiff's contention that her claim could not have accrued until she located the Waiver Form, her claim might have never accrued and the statute of limitations would never expire. The Third Circuit has explicitly rejected any such rule that allows a plaintiff to trigger the statute of limitations at her own discretion. *Miller*, 475 F.3d at 522 (rejecting a rule that would allow a plaintiff to wait decades before deciding to investigate the accuracy of a benefit award); *Manus v. BP Corp. N. Am.*, No. 12-2521, 2013 WL 5278235, at *5-6 (E.D. Pa. Sept. 18, 2013) (dismissing as time-barred a claim for benefits that was based on documents that were in plaintiff's possession for years). Instead, in this Circuit, a plaintiff must

"exercise reasonable diligence" to ensure the accuracy of a benefit award.  *Id.*  As the Third Circuit has explained, "statutes of limitations are intended to encourage 'rapid resolution of disputes, repose for defendants, and avoidance of litigation involving lost or distorted evidence.'  These aims are served when the accrual date anchors the limitations period to a plaintiff's reasonable discovery of actionable harm."  *Miller*, 475 F.3d at 522 (quoting *Romero*, 404 F.3d at 223).  "In contrast, a statute of limitations not based on reasonable discovery is effectively no limitation at all."  *Id.*

Plaintiff's failure to look into this issue in a timely manner is particularly inexcusable in light of ERISA's "elaborate scheme . . . for enabling beneficiaries to learn their rights and obligations at any time."  *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 83 (1995).  That scheme "requires that every plan administrator make available for inspection in the administrator's 'principal office' and other designated locations a set of all currently operative, governing plan documents."  *Id.* at 84 (citing 29 U.S.C. § 1024(b)(2) & (b)(4)).  Thus, to receive additional information about the Plan, all she had to do was ask.

Plaintiff, however, waited until 2012 to submit a claim and request the plan document. Tellingly, Plaintiff does not explain what information is available to her now, but not in 2004, that prompted her to initiate this action.  Her claim is based exclusively on the validity of the Waiver Form, a document she possessed for nearly 27 years, including the nine years since the Plan stopped paying benefits and advised her that benefits were being terminated because of her husband's death.  Plaintiff admits that the Waiver Form "indicate[s] that the reason Mr. Christian's retirement benefits ceased upon his death was because he had submitted the Waiver Form to Honeywell."  (Doc. 7, at 4.)  This is not surprising as the law mandates that the Waiver Form expressly advise a participant and his or her spouse of their rights under ERISA to a joint

4

and survivor annuity form of benefit and the effect of waiving that form of benefit.  Specifically, ERISA requires that waiver and election forms provided to participants explain, *inter alia*, (i) the participant's right to elect to waive the joint and survivor form of benefit, and (ii) the effect of such a waiver.  29 U.S.C. § 1022(c)(3)(A)(ii).  The law further mandates that waiver and election forms expressly state that the waiver will not take effect unless the participant's spouse consents to the waiver election in writing, acknowledging the effect of such an election.  29 U.S.C. § 1022(c)(3)(A)(iii).

Plaintiff does not refute, and cannot refute, that the content of the Waiver Form complies with ERISA.[1]  Thus, for nearly 27 years, including the nine years since benefits terminated, Plaintiff possessed the very document that specifically apprised her of her legal rights to, and her waiver of, a joint and survivor annuity.  As one court in this District recently opined, "Plaintiff's claims for additional benefits, based on documents in his possession for years, is seemingly the precise situation that the Third Circuit developed the clear repudiation rule to avoid."  *Manus*, 2013 WL 5278235, at *5 (dismissing claim as time barred where plaintiff "had in his possession a document that was clearly sufficient to alert him that something was amiss.").  Therefore, Plaintiff's contention that the statute of limitations could not have accrued in 2004 due to her ignorance of the law is not only wrong legally, but is a red herring, as by her own admission,

---

[1] Nor does Plaintiff refute that the Waiver Form bears her signature.  (*See* Doc. 6-1, Defendant's Memorandum Of Law In Support Of Its Motion To Dismiss Plaintiff's Complaint, at 4, n.5.) Rather, Plaintiff essentially argues that the Waiver Form was improperly notarized, contending that she could not have signed the Waiver Form in the notary's presence on the date and in the state indicated on the Waiver Form.  (Doc. 1, Complaint, at ¶¶ 19, 39; Doc. 7, at 3 (contending that "Mrs. Christian did not appear before [the notary] in Pennsylvania on December 1, 1986, to sign a waiver."); Doc. 7, at 3-4 ("To the extent [the notary] purported to notarize the waiver, it was without Mrs. Christian's knowledge or consent.").)  Plaintiff does not contend, either in the Complaint or in the opposition brief, that she never signed the Waiver Form.  (*See generally id.*)

Plaintiff possessed the very document on which her claim is based – a document that explicitly apprised her of the law that she now claims ignorance to excuse her delay in filing her claim.

Plaintiff has not cited, and cannot cite, any binding authority in support of her novel position. Moreover, the cases on which Plaintiff does rely only highlight her confusion regarding the appropriate accrual standard. In *Fletcher v. Comcast Comprehensive Health and Welfare Plan*, No. 2:09-cv-1272, 2011 WL 743459, at *11 (W.D. Pa. Feb. 24, 2011), the court held that the plaintiff's claim had not accrued upon either his receipt of a miscalculated benefit award or his receipt of the plan's written determination of his benefit claim. In reaching its conclusion, the court explained that "[u]nlike [in] *Miller*, plaintiff is 'complain[ing] about the notice provided to him of his rights or entitlements' under the Plan and has pointed to facts that 'help establish that [he] had reason to be unaware in [2004] that there was an error.'" *Id.* at *7 (quoting *Miller*, 475 F.3d at 522-23). Significantly, however, the court's decision was based on the fact that the plaintiff "***was not in possession*** of the only document that could have 'clearly alerted' him to the fact that the amount he was receiving" was in error. *Id.* (emphasis added). *See also id.* at *9 ("[T]o hold that plaintiff 'simply failed to investigate' whether his monthly benefits had been calculated in accordance with a Policy provision that he had no knowledge of ***or ready access to*** would 'impose on him a burdensome oversight role.'") (quoting *Miller*, 475 F.3d at 523) (emphasis added). Here, Plaintiff admits that she was in possession of the all important Waiver Form. Thus, unlike in *Fletcher*, here, Plaintiff irrefutably had "reason to know" of her right, if any, to survivor benefits.

Plaintiff's reliance on *Dunn v. Honeywell Int'l Inc.*, No. 11-CV-2810, 2012 WL 273893 (D.N.J. Jan. 31, 2012) (vacated on other grounds by *Dunn v. Honeywell Int'l Inc.*, No. 11-CV-2810, slip op. at 15 (D.N.J. Oct. 9, 2012)) is also misplaced. In *Dunn*, the plaintiffs' alleged that

6

"Defendants misrepresented . . . and actively and fraudulently concealed" the facts on which their claims were based. *Dunn*, 2012 WL 273893, at *3; *Dunn*, No. 11-CV-2810, slip op. at 6 (same). Here, Plaintiff has not alleged, and cannot allege, that Defendant misrepresented or fraudulently concealed any facts. To the contrary, Plaintiff at all times knew benefits ceased because of her husband's death and at all times possessed a copy of the Waiver Form. Additionally, in *Dunn*, the plaintiffs' case was "grounded in alleged flaws in Defendants' reimbursement computation practices," which plaintiffs contended were determined by using a third-party's flawed database. *Dunn*, 2012 WL 273893, at *6. In *Dunn*, the court concluded that the plaintiffs' claims could not have accrued until an investigation of the third-party's database, revealing the purported flaws, became public. *Id.* Here, Plaintiff is not challenging "potential plan errors and abuses" as in *Dunn*. Rather, like *Miller*, this is a case where Plaintiff "simply failed to investigate" her right to benefits for over eight years. As the *Miller* Court explained, requiring Plaintiff to conduct such an investigation "does not impose on [her] a burdensome oversight role." *Miller*, 475 F.3d at 523. Rather, the need for Plaintiff "to be vigilant" was triggered when the Plan terminated benefit payments in July 2004. "Such vigilance does not make [Plaintiff] a watchdog for potential plan errors and abuses." *Id.* *Dunn* is therefore inapposite.[2]

The other cases cited by Plaintiff are also distinguishable. In *Fenwick v. Merrill Lynch & Co., Inc.*, 570 F. Supp. 2d 366, 372 (D. Conn. 2008), the court rejected the defendant's

---

[2] Defendant also notes its disagreement with the *Dunn* court's ruling on the statute of limitations issue. The defendants in *Dunn* filed a cross-appeal with the Third Circuit on the statute of limitations ruling. However, that appeal was withdrawn as moot when the plaintiffs withdrew their appeal challenging the dismissal of their claims. *See* Doc. 55, Notice of Cross-Appeal by Honeywell International, Inc., *Dunn v. v. Honeywell Int'l Inc.*, No. 11-CV-2810 (D.N.J. Nov. 27, 2012); Doc. 57, Certified Order of USCA, *Dunn v. v. Honeywell Int'l Inc.*, No. 11-CV-2810 (D.N.J. Nov. 27, 2012).

contention that the plaintiffs' claims accrued prior to their termination of employment because there was "no evidence indicat[ing] that plaintiffs received or should have known" information on which their claim was based until they terminated their employment. Here, unlike in *Fenwick*, Plaintiff was clearly apprised that she would not be receiving any further benefits from the Plan, and Plaintiff admittedly had the critical Waiver Form in her possession the entire time.

The only other case cited by Plaintiff, *Thompson*, 651 F.3d 600, actually supports Defendant's position. In *Thompson*, the court held that the plaintiffs' receipt of lump-sum distributions served as an unequivocal repudiation of the plaintiffs' entitlement to additional benefits. *Id.* at 606. Under *Thompson*, it follows that a termination of benefits (or a plaintiff's receipt of no benefits) serves as an unequivocal repudiation of a plaintiff's entitlement to additional benefits. *Thompson*, therefore, undermines Plaintiff's argument.

Under a proper application of the Third Circuit's "clear repudiation" rule, there can be no question that Plaintiff knew or should have known about her claim no later than 2004, when she was advised that benefits would cease, and benefits in fact ceased, due to her husband's death. Plaintiff's failure to timely investigate the Plan's termination of benefits, and submit a claim for benefits, in 2004 should not be excused. Plaintiff's arguments to the contrary are unavailing. Because Plaintiff's claim accrued in 2004, it is barred by Pennsylvania's four-year statute of limitations. Therefore, Plaintiff's Complaint should be dismissed.

  **B.**  **Plaintiff's Claim Is Also Barred By Delaware's One-Year Statute of Limitations**

Even if Plaintiff's claim did not accrue until June 2012 as she contends, her Complaint is time- barred under Delaware's one-year limitations period. (*See* Doc. 6-1, at 6, n.6.) Plaintiff does not dispute that Delaware's one-year limitation period bars her claim. (*See generally* Doc. 7.) Plaintiff initiated this action on July 17, 2013. Therefore, even assuming, *arguendo*, that her

claim did not accrue until June 2012 when she allegedly first "became aware of" the legal effect of the Waiver Form, her claim is barred by Delaware's one-year limitation period. (*See* Doc. 6-1, at 6, n.6.)

## III. CONCLUSION

For the reasons stated herein and in Defendant's opening brief, Plaintiff's Complaint should be dismissed with prejudice.

Dated: October 7, 2013
Respectfully submitted,

**PROSKAUER ROSE LLP**

*/s/Amy Covert*
Amy Covert
Joseph E. Clark (*pro hac vice*)
Eleven Times Square
New York, NY 10036
Telephone: 212.969.3000
Facsimile: 212.969.2900
acovert@proskauer.com
jclark@proskauer.com

Bruce Marks
Thomas Sullivan
MARKS & SOKOLOV, LLC
1835 Market Street, 28th Floor
Philadelphia, PA 19103
Telephone: 215.569.8901
Facsimile: 215.569.8912
marks@mslegal.com
tsullivan@mslegal.com

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LYNN K. CHRISTIAN,** | : | Civil Action |
| | : | |
| Plaintiff, | : | No. 13 cv 04144-NIQA |
| | : | |
| v. | : | |
| | : | |
| **HONEYWELL RETIREMENT BENEFIT PLAN,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

## CERTIFICATE OF SERVICE

I, Thomas C. Sullivan, Esquire, hereby certify that a true and correct copy of the foregoing Defendant, Honeywell Retirement Plan's Reply Brief in Support of Its Motion to Dismiss was served on this 7th day of October, 2013, via the ECF system of the Court upon the persons listed below:

Julie A. Uebler, Esquire
Uebler Law LLC
744 West Lancaster Avenue
Suite 220
Wayne, PA 19087
*Attorney for Plaintiff, Lynn K. Christian*

Dated: October 7, 2013      By:      */s/ Thomas C. Sullivan*
Thomas C. Sullivan (Pa. ID. No. 63541)
Marks & Sokolov, LLC
1835 Market Street – 28th Floor
Philadelphia, PA 19103
T      215.569.8901
F      215.569.8912
Email   tsullivan@mslegal.com
*Attorneys for Defendant*
*Honeywell Retirement Benefit Plan*