IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNN K. CHRISTIAN,<br>          Plaintiff,<br><br>     v.<br><br>HONEYWELL RETIREMENT BENEFIT PLAN,<br>          Defendant. | CIVIL ACTION<br><br>No.: 2:13-cv-04144-NIQA |

PLAINTIFF'S SUR-REPLY BRIEF
IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

I.     PROCEDURAL STATUS AND INTRODUCTION

Defendant filed a Motion to Dismiss this case in which Plaintiff seeks payment of survivor retirements benefits, asserting that the claim was barred by the statute of limitations because it allegedly accrued in 2004 when her husband's retirement benefits ended.  In her Brief in Opposition to the Motion, Plaintiff argued that the statute of limitations could not have accrued in 2004, but instead accrued in June 2012, when Plaintiff discovered her husband's old papers, and had reason to know she had a claim for survivor retirement benefits.

In its Reply Brief, Defendant makes two additional arguments in support of its Motion to Dismiss.  First, Defendant asserts that Plaintiff's claim must be barred because she "possessed the document on which her claim is based – the Waiver Form – the entire time," even though Plaintiff explicitly alleges in her Complaint that she did not discover the Waiver Form until June 2012.  Second, Defendant now argues that Plaintiff's claim must be barred by a Delaware statute of limitations, even though this case is not pending there.  Since both of these arguments fail,

Plaintiff respectfully asks this Court to consider the arguments in this Sur-Reply Brief and to deny Defendant's Motion to Dismiss.

II.     ARGUMENT

     A.     Defendant's Motion To Dismiss Must Be Denied Because It Is Based On A Factual Assumption That Contradicts The Allegations In The Complaint.

In her Complaint, Plaintiff alleged that she did not know, and had no reason to know, that her husband's retirement benefit should have been paid in the form of a joint and survivor annuity in the absence of informed consent. Complaint, ¶ 25. Plaintiff further alleged that in or about June 2012, she located a "Waiver Form" in her late husband's old papers that seemed to indicate that the reason her husband's retirement benefits ceased upon his death was because he had submitted the Waiver Form to Honeywell. Id., ¶ 26.

In direct contradiction to these factual allegations in the Complaint, Defendant repeatedly argues (at least 7 times) that Plaintiff must have known about her right to survivor benefits because she was "in possession of the Waiver Form – the sole document on which her claim is based – the entire time." Defendant's Reply Brief at 1, 2, 4, 5, 6, 7, and 8. Defendant also goes so far as to assert that Plaintiff "admitted" that the Waiver Form was in her possession for 27 years. Defendant's Reply Brief at 6, 8. In the face of directly contradictory factual allegations, Defendant cannot support a Motion to Dismiss by asking this Court to "deem" Plaintiff to have been in "possession" of documents that related to her late husband's retirement benefits. In fact, it was expressly in recognition of the fact that spouses often acted independently when making retirement plan decisions (often husbands without their wives' knowledge) that the Retirement Equity Act of 1984 was passed. Given the intent of the law, it is hard to understand how Defendant could suggest that this Court find as a matter of law that a spousal beneficiary was

"deemed" to be in possession of all of her spouse's plan-related documents, particularly where, as here, Plaintiff has made completely contradictory allegations in her complaint.

The cases cited by Defendant are also unpersuasive on this issue. Defendant relies on Manus v. BP Corp. N. Am., No. 12-2521, 2013 WL 5278235, at *5-6 (E.D. Pa. Sept. 18, 2013), for the proposition that dismissal is appropriate where the plaintiff's claim for benefits is based on documents that were in his possession for years. In Manus, the participant had received a plan estimate many years before he filed suit, which he later "rediscovered," and which formed the basis for his claim. Thus, the case is distinguishable because the plaintiff in that case was the plan participant, and not a beneficiary who could not be "deemed" to have received the participant's plan-related correspondence. In addition, the court in Manus was rightfully persuaded by the admission at oral argument by the plaintiff's counsel that his client had "suspicions" that his benefit was inaccurate when it was initially paid. Id. at *14-15. In this case, not only can Plaintiff not be "deemed" to be in possession of the Waiver Form, but she had no knowledge – or any basis to suspect – that she had a potential claim to survivor benefits at the time her husband died.

Defendant also claims that Redmon v. Sud-Chemie Inc. Reitrement Plan, 547 F.3d 531 (6th Cir. 2008), in which the court affirmed the district court's dismissal of a spouse's claim for survivor retirement benefits is "remarkably similar" to this case. In Redmon, however, the plaintiff and her husband both met with a plan representative to discuss the husband's retirement benefits, and the plaintiff signed the spousal waiver form at that meeting. Id. at 533. In this

case, Plaintiff's claim is based on her assertion that she was completely unaware of the Waiver Form until she found it in her husband's papers in June 2012.[1]

> B.  Defendant's Motion To Dismiss Must Be Denied Because The Law Is Clear That Pennsylvania's Four-Year Statute of Limitations Applies To This Case.

In the text of its opening Brief, Defendant appeared to recognize, based on clear Third Circuit precedent, that Pennsylvania's four-year statute of limitations for breach of contract claims applied to this matter. Defendant's Brief at 6 (citing Hahnemann Univ. Hosp. v. All Shore, Inc., 514 F.3d 300, 305-06 (3d Cir. 2008) and Gluck v. Unisys Corp., 960 F.2d 1168, 1179 (3d. Cir. 1992)). In a footnote, Defendant also suggested that Plaintiff's claim would have been barred by Delaware's one-year statute of limitations, yet acknowledged that the Third Circuit's holding in Gluck undermined its assertion. Defendant's Brief at 6, n.6.

In a last ditch effort to support its Motion, Defendant now argues that even if Plaintiff's claim did not accrue until 2012, her claim for denied benefits is nevertheless time-barred under Delaware's one-year statute of limitations period. In its Reply Brief, Defendant even went so far as to allege that "Plaintiff does not dispute that Delaware's one-year limitations period bars her claim." Defendant's Reply Brief at 8. To the contrary, Plaintiff did not respond to Defendant's footnote because the crux of the issue being briefed at the time was the statute of limitations' accrual date, not the appropriate limitations period. Since the law is clear that Pennsylvania's four-year limitations period will apply in this matter, Defendant's latest efforts to dismiss Plaintiff's claim must fail.

---

[1] Defendant mentions several times that Plaintiff does not dispute that it is her signature on the Waiver Form. As outlined in the Complaint, and in the administrative appeal, Plaintiff acknowledged that the signature does look like hers. Plaintiff also made clear that her husband's secretary, who purportedly notarized the Waiver Form, had occasion during the fifteen years she worked for Mr. Christian to place Plaintiff's signature on a variety of documents with her consent, such as Christmas cards. Complaint, ¶ 32.e.

As set forth clearly in Defendant's brief, federal courts "borrow" the state statute of limitations "most analogous to the case at hand" for ERISA denied benefit claims. In such cases pending in the Pennsylvania courts, the Third Circuit has used Pennsylvania's four-year statute of limitations for breach of contract claims. Hahnemann Univ. Hosp. v. All Shore, Inc., 514 F.3d 300, 305-06 (3d Cir. 2008).

In support of its current contention, and as mentioned in a footnote in its opening brief, Defendant argues that Delaware law should apply because the language of the applicable plan document, the Honeywell Retirement Earnings Plan, contains a provision that Delaware law will apply. Specifically, the Plan states: "The internal laws of Delaware, without regard to conflicts of laws principles, shall determine all questions arising with respect to the provisions of this Plan, except to the extent Federal statute supersedes Delaware law." Exhibit 2 of Defendant's Brief, at 104.

However, as set forth in this and the other briefs, courts considering ERISA denied benefit claims generally borrow the limitations period applicable to the *forum* state claim most analogous to the ERISA claim at hand. Gluck v. Unisys Corp., 960 F.2d 1168, 1180 (3d. Cir. 1992). In Gluck, the plaintiffs asked the court to apply the longer statute of limitations from Michigan based on their plans' choice of Michigan law provisions, even though the forum state was Pennsylvania. In rejecting the plaintiffs' argument, the court first confirmed that it must apply federal choice of law provisions when considering this issue. Id. at 1179. Based on federal choice of law analysis, the court went on to confirm that choice of law provisions in contracts do not apply to statutes of limitations, "unless the reference is express." Id. In Gluck, as is true here, the ERISA plans in question contained a general provision stating that Michigan law would apply, but did not "explicitly designate" Michigan's statute of limitations as

applicable. As such, there was no express reference to the statute of limitations, and federal choice of law rules would control.[2] Thus, because Michigan's statute of limitations did not apply despite the plan's choice of law provision, the court followed the federal rule and borrowed the limitations period applicable to the forum state claim most analogous to the ERISA claim at issue. Id. at 1180. Consistent with Gluck, Pennsylvania's four-year limitations period for breach of contract claims must apply in this case.

Finally, Defendant's reliance on Syed v. Hercules Inc., 214 F.3d 155 (3d Cir. 2000), is also misplaced. In Syed, the court recognized that the selection of the appropriate statute of limitations for an ERISA denied benefits claim was a question of federal law. Id. at 159. Since the forum state in Syed was Delaware, the court properly chose to use the statute of limitations for Delaware's "most analogous" claim, which was a one-year statute of limitations covering employment disputes. Id. at 160.

---

[2] Since the plan did not have an express reference to the statute of limitations applicable to choice of law issues, the court in Gluck did not need to reach the question of whether such express reference would change the result. Id. at 1180, n.9.

III.     CONCLUSION

For the reasons set forth in Plaintiff's Brief in Opposition, and herein, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss, and allow the matter to proceed on the merits.

Respectfully submitted,

UEBLER LAW LLC


s/Julie A. Uebler
Julie A. Uebler (I.D. No. 71297)
744 West Lancaster Avenue, Suite 220
Wayne, PA 19464
(610) 688-7900
juebler@ueblerlaw.com

Attorney for Plaintiff,
Lynn K. Christian

CERTIFICATE OF SERVICE

I, Julie Uebler, hereby certify that a true and correct copy of Plaintiff's Sur-Reply Brief in Opposition to Defendant's Motion to Dismiss was filed electronically on October 23, 2013, and is deemed served upon the following counsel of record:

Bruce S. Marks, Esquire
Thomas C. Sullivan, Esquire
Marks & Sokolov, LLC
1835 Market Street – 28th Floor
Philadelphia, PA 19103

Amy Covert, Esquire
Joseph E. Clark, Esquire
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036


By: s/Julie A. Uebler
 Julie A. Uebler