UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENSYLVANIA

| | | |
|---|---|---|
| LYNN K. CHRISTIAN, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 2:13-cv-04144-NIQA |
| | : | |
| v. | : | |
| | : | |
| HONEYWELL RETIREMENT BENEFIT PLAN, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S SUR- SUR-REPLY BRIEF**
**IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant respectfully submits this Sur-Sur-Reply Brief opposing Plaintiff's Sur-Reply Brief. (Doc. 9.). The Court should disregard Plaintiff's Sur-Reply Brief, which was filed without leave of Court, because it blatantly misrepresents the prior briefing in support of Defendant's Motion to Dismiss, and is untimely.

In support of her request that this Court consider her Sur-Reply Brief, Plaintiff misrepresents that Defendant raised two new arguments in its Reply Brief, namely, assertions that (i) Plaintiff "possessed the document on which her claim is based – the Waiver Form – the entire time" and that (ii) her claim is also barred by the Delaware statute of limitations. (Doc. 9 at 1.) Because Defendant raised both of these arguments in its opening brief, providing Plaintiff with ample opportunity to timely refute the arguments in her Opposition Brief, the Court should reject Plaintiff's request to consider her Sur-Reply Brief.

Specifically, in support of its argument that Plaintiff's claim is barred by the statute of limitations, its opening brief, Defendant asserted:

> Nearly 27 years after Plaintiff and her late husband began receiving pension payments from the Plan, and over nine years after the Plan's representative advised Plaintiff that all pension benefits would terminate due to her husband's death, Plaintiff initiated this action claiming that the Waiver Form – *a copy of which she had in her possession the entire time* – is invalid.

(Doc. 6-1 at 4 (emphasis added).) In her Opposition Brief, Plaintiff did not refute that she was in possession of the Waiver Form. (*See generally* Doc. 7. *See also* Doc. 8 at 1 (noting that "Plaintiff's opposition brief cannot, and does not, deny the fundamental and incontrovertible facts compelling dismissal of her claim as time-barred: the Plan ceased paying benefits in 2004, over nine years prior to her filing suit, and Plaintiff was in possession of the Waiver Form – the sole document on which her claim is based – the entire time.").) Defendant crafted its Reply Brief based on the arguments set forth in Plaintiff's Opposition Brief and should not be prejudiced by Plaintiff's failure to timely oppose its assertions. If, in her Opposition Brief, Plaintiff had argued that she was not in possession of the Waiver Form the entire time, then Defendant would have had an opportunity to respond to such arguments in its Reply Brief.[1]

Plaintiff also misrepresents that Defendant first argued on reply that her claim is barred by Delaware's one-year statute of limitations. (Doc 9 at 1.) Although elsewhere in her Sur-Reply Brief Plaintiff acknowledges that Defendant, in fact, raised this argument in its opening brief, she disingenuously characterizes the argument as a mere "suggest[ion]" set forth in a footnote. (Doc. 9 at 4.) In its opening brief, Defendant specifically and unequivocally argued

---

[1] For example, Defendant could have attached copies of Plaintiff's claim and appeal letters, which directly contradict her contention that she was not in possession of the Waiver Form. (*See* Doc. 6-1 at 2, n.3 (noting that in deciding a motion to dismiss, courts can properly consider documents not attached to the complaint if, as here, the documents are relied upon in the complaint).)

that: "Plaintiff's claim is also barred by Delaware's one-year statute of limitations applicable to ERISA benefit claims."  (Doc. 6-1 at 6, n.6.)  And although this argument was set forth in a footnote, the footnote comprises 10 lines of text, is in the same size font as the main text of the brief, and is supported by an exhibit that was attached to the Motion solely to support the footnoted argument.  (*See id.* (noting that the Honeywell Retirement Earnings Plan states that Delaware law applies).)  Plaintiff can hardly claim that Defendant's opening brief did not put her on notice of this argument.

In sum, Defendant raised no new arguments in its Reply Brief.  Accordingly, the Court should disregard Plaintiff's Sur-Reply Brief and grant Defendant's Motion to Dismiss.

Dated: October 30, 2013                              Respectfully submitted,

                                                            **PROSKAUER ROSE LLP**

*/s/Amy Covert*
Amy Covert
Joseph E. Clark (*pro hac vice*)
Eleven Times Square
New York, NY 10036
Telephone: 212.969.3000
Facsimile: 212.969.2900
acovert@proskauer.com
jclark@proskauer.com

Bruce Marks
Thomas Sullivan
MARKS & SOKOLOV, LLC
1835 Market Street, 28th Floor
Philadelphia, PA 19103
Telephone: 215.569.8901
Facsimile: 215.569.8912
marks@mslegal.com
tsullivan@mslegal.com

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LYNN K. CHRISTIAN,** | : | Civil Action |
| | : | |
| Plaintiff, | : | No. 13 cv 04144-NIQA |
| | : | |
| v. | : | |
| | : | |
| **HONEYWELL RETIREMENT BENEFIT PLAN,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

## CERTIFICATE OF SERVICE

I, Thomas C. Sullivan, Esquire, hereby certify that a true and correct copy of the foregoing Defendant, Honeywell Retirement Plan's Sur-Sur-Reply Brief opposing Plaintiff's Sur-Reply Brief was served on this 30th day of October, 2013, via the ECF system of the Court upon the persons listed below:

Julie A. Uebler, Esquire
Uebler Law LLC
744 West Lancaster Avenue
Suite 220
Wayne, PA 19087
*Attorney for Plaintiff, Lynn K. Christian*

Dated: October 30, 2013        By:    */s/ Thomas C. Sullivan*
Thomas C. Sullivan (Pa. ID. No. 63541)
Marks & Sokolov, LLC
1835 Market Street – 28th Floor
Philadelphia, PA 19103
T    215.569.8901
F    215.569.8912
Email   tsullivan@mslegal.com
*Attorneys for Defendant*
*Honeywell Retirement Benefit Plan*