IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNN K. CHRISTIAN<br>*Plaintiff*<br><br>v.<br><br>HONEYWELL RETIREMENT BENEFIT PLAN<br>*Defendant* | : CIVIL ACTION<br>:<br>: NO. 13-4144<br>:<br>:<br>:<br>:<br>:<br>: |

QUIÑONES ALEJANDRO, J.                                          DECEMBER 19, 2013

## MEMORANDUM OPINION

### INTRODUCTION

On July 17, 2013, Lynn K. Christian (Plaintiff) filed a declaratory judgment action against Honeywell Retirement Benefit Plan (Defendant) pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a)(1)(B) ("ERISA"), seeking survivor retirement benefits under the plan ("Plan") of her late husband, Howard F. Christian. [ECF 1].

On September 19, 2013, Defendant filed a *motion to dismiss* the complaint pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6) for failure to state a claim upon which relief can be granted. [ECF 6]. In the motion to dismiss, Defendant argues that Plaintiff's claim is time-barred. Thereafter, the parties filed numerous responses and replies. [ECF 7, 8, 9, and 10].

For the reasons set forth herein, Defendant's motion is granted.

### BACKGROUND

When considering Defendant's motion to dismiss, the related pleading and responses, this Court accepts as true all facts alleged in Plaintiff's complaint, which are summarized as follows:[1]

---

[1] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

Plaintiff and Mr. Christian were married at the time of his death. Mr. Christian had been employed at Honeywell International Inc., or an affiliated company, from August 1, 1956, until his retirement on December 31, 1986, at the age of 56. During his employment, Mr. Christian had been a participant in the company's employment pension benefit plan and had listed Plaintiff as the joint annuitant/beneficiary in the *Application for Benefits* and the primary beneficiary in the *Application for Continuance of Honeywell Group Medical and Life Insurance Coverage*.

Upon retirement, the couple moved to Florida and Mr. Christian began receiving monthly retirement benefits from Defendant starting January 1987, which were deposited directly into his bank account in Florida. Mr. Christian died on June 26, 2004. Unbeknownst to Plaintiff, Mr. Christian's retirement benefit was paid in the form of a *single* life annuity with level income with Social Security starting at age 65 pursuant to a signed "*Waiver of Joint and Surviving Spouse Annuity*" ("Waiver") form.[2] This Waiver purportedly was signed by Plaintiff at the time of Mr. Christian's retirement and notarized on December 1, 1986, in Pennsylvania by Mr. Christian's secretary.

On July 2, 2004, Plaintiff contacted the Plan's administrator to report her husband's death and to inquire about any survivor's benefits and life insurance. Following numerous conversations with the Plan's representative, Plaintiff was advised that her husband's retirement benefits ceased upon his death, and that no future payments would be made. She was also advised that Defendant would seek reimbursement of a benefit payment erroneously issued for the month of July 2004.

Eight years later, in June 2012, Plaintiff discovered a copy of the signed Waiver in a file containing her late husband's papers and became aware, for the first time, of the existence of the Waiver and her consent to waive the right to a joint and survivor annuity. Plaintiff disputes that she consented to the Waiver, and argues that she could not have been present when her late husband's secretary notarized the document on December 1, 1986, because she was in Florida, in the process of purchasing real estate. Plaintiff further asserts that she was unaware that in the absence of her expressed consent, her husband's retirement benefit should have continued payable as a joint and survivor annuity. She claims that the Plan's representative never advised her of the existence of the signed Waiver.

In July 2012, Plaintiff submitted a claim for joint and survivor annuity, pursuant to the Plan's claims procedures. The claim was denied on October 18, 2012, and on November 7, 2012, Plaintiff administratively appealed the decision. On January 22, 2013, the decision was confirmed.

On July 17, 2013, Plaintiff filed the instant action against Defendant.

---

[2] The *single* life annuity option under the Plan provides a greater amount of monthly benefits than the *joint and survivor* option since the annuity or monthly benefit is for the life of the participant only.

2

**LEGAL STANDARD OF REVIEW**

Rule 12(b)(6) provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been presented. *Hedges v. United States,* 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir. 1991)). When deciding a Rule 12(b)(6) motion to dismiss, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny,* 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 374 n. 7 (3d Cir. 2002)). *See also Maio v. Aetna, Inc.,* 221 F.3d 472, 481-82 (3d Cir. 2000) (citations omitted). Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.,* 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556).

## DISCUSSION

Under ERISA, a civil action may be brought by a participant or beneficiary to recover benefits due under the terms of the plan, to enforce any rights under the terms of the plan, or to clarify rights to future benefits under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B); *Keen v. Lockheed Martin Corp.,* 486 F. Supp. 2d 481, 486 (E.D. Pa. 2007). The statute further provides that a pension plan automatically affords the participant (here, Mr. Christian) with a fixed monthly retirement benefit for life, and after the participant's death, provides the surviving spouse (here, Plaintiff), a monthly benefit for the remainder of that person's life in the form of a qualified *joint and survivor annuity*, unless the participant waives such form of benefit. 29 U.S.C. § 1055. For the waiver of the joint and survivor annuity to be effective, the participant's spouse must also consent in writing to the participant's waiver and election of another form of benefit; the consent must acknowledge the effect of such election, and be witnessed by either a plan representative or a notary public. 29 U.S.C. § 1055(c)(2)(A).

Because ERISA contains no express statute of limitations for non-fiduciary claims, federal courts generally "borrow a limitations period applicable to the forum state claim most analogous to the ERISA claim at hand." *Gluck v. Unisys Corp.,* 960 F.2d 1168, 1180 (3d Cir. 1992) (citing *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* 501 U.S. 350, 355 (1991)). A claim under § 502(a)(1)(B) to recover benefits due, to enforce rights, or for a declaratory judgment to clarify rights to future benefits is most analogous to a breach of contract claim. *Keen,* 486 F. Supp. 2d at 486 (citing *Meade v. Pension Appeals & Rev. Comm.,* 966 F.2d 190, 195 (6th Cir. 1992)). Here, the Plan agreement stipulated that it "shall be construed and enforced according to the Employee Retirement Income Security Act of 1974, as it may be amended from time to time, and the laws of the state of New York, other than its laws respecting

choice of law, to the extent not pre-empted by the Act."[3] However, "[c]hoice of law provisions in contracts do not apply to statutes of limitations, unless the reference is express." *Gluck*, 960 F.2d at 1179. Therefore, because the Plan is silent as to the applicable statute of limitations, Pennsylvania's statute applies.

As a general rule, the limitations period applicable to a claim accruing outside of Pennsylvania shall be either that provided or prescribed by the law of the place where the claim accrued or by the law of this Commonwealth, whichever first bars the claim. *See* 42 Pa. C.S.A. § 5521(b). Under New York law, the statute of limitations for breach of contract is six years. N.Y. C.P.L.R. 213(2) (McKinney 2004); *see e.g. Second Presb. Church in City of New York v. Cenpark Realty LLC*, 65 A.D.3d 979, 885 N.Y.S.2d 418 (App. Div. 2009) (applying Rule 213(2) to a breach of contract claim). Under Florida law, Plaintiff's place of residence at the time of her husband's death, the statute of limitations for breach of contract is five years. *See* Fla. Stat. §95.11(2)(b); *Langley Ltd. Partnership, LLP v. School Bd. of Lake County, Fla.*, 113 So.3d 995, 998 (Apr. 12, 2013). Under Pennsylvania law, which Defendant contends is applicable and Plaintiff does not dispute, the statute of limitations for breach of contract is four years. *See* 42 Pa. C.S.A. § 5525(a)(8); *Koert v. GE Group Life Assurance Company*, 416 F. Supp. 2d 319, 321 (E.D. Pa. Oct. 20, 2005) (citations omitted). This Court finds that pursuant to § 5521(b),

---

[3] In its motion to dismiss, Defendant argues that Delaware's one-year statute of limitations applies because the 2010 amended version of the Plan – the Honeywell Retirement Earning Plan (the "2010 Plan") – contains a choice of law provision designating Delaware substantive law. Defendant's argument is misplaced for two reasons. First, as set forth above, choice of law provisions do not apply to statutes of limitations unless they expressly do so. *See Gluck*, 960 F.2d at 1179. Here, the choice of law provision contained in the 2010 Plan – like the Plan – does not expressly apply to the statute of limitations. Second, page 2 of the 2010 Plan reads as follows: "Benefits for any Participant, who retired, died, or terminated employment at any time prior to January 1, 2010, will be determined under the provisions of the Plan in effect at the date of the Participant's retirement, death or termination except as specifically provided in the Plan, including any Supplement thereto." Consequently, the 2010 Plan does not apply here, and Defendant's argument is disregarded.

Pennsylvania's four-year statute of limitations applies in this matter. Regardless, as set forth below, Plaintiff's claim would be time-barred under any of these states' statutes of limitations.

The accrual date for federal claims is governed by federal law, irrespective of the source of the limitations period. *Miller v. Fortis Benefits Ins. Co.*, 475 F.3d 516, 520 (3d Cir. 2007) (citing *Romero v. The Allstate Corporation*, 404 F.3d 212, 221 (3d Cir. 2005)). The federal "discovery rule" is used to determine the accrual date of a federal claim when there is no controlling federal statute. *Romero*, 404 F.3d at 222. Generally, under federal law, a cause of action accrues and the statute of limitations begins to run, when a plaintiff knew or should have known of the injury upon which its action is based. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (quoting *Sameric Corp. v. City of Philadelphia of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998)). The cause of action accrues even though the full extent of the injury is not then known or predicted. *See Wallace v. Kato*, 549 U.S. 384, 391 (2007); 1 C. Corman, Limitation of Actions § 7.4.1, pp. 526-527 (1991) (footnote omitted).

In the ERISA context, a non-fiduciary cause of action will generally accrue when a party's claim for benefits has been formally denied. *Romero*, 404 F.3d at 222-23. The "clear repudiation" rule in *Romero*, however, does not require a formal claim or a denial of a claim to trigger the statute of limitations. *Miller*, 475 F.3d at 520-521. Claims will accrue before a formal denial when there has been "a repudiation of the benefits by the fiduciary which was *clear* and made known to the beneficiary." *Romero*, 404 F.3d at 223. That is, the clear repudiation rule thus applies to claims for the denial of benefits, and requires only a repudiation that is clear and made known to the beneficiary. *Miller*, 475 F.3d at 520-521.

"The clear repudiation rule strikes a balance between ERISA's beneficiary-protective goals and the need for repose and, therefore, a rapid resolution of disputes once an actionable

6

injury occurs." *Miller*, 475 F.3d at 522. "Consistent with these policies, the clear repudiation rule preserves the core of the traditional discovery rule, namely, that it is a plaintiff's knowledge or *ability to know* of his or her injury that triggers the statute of limitations, not the plaintiff's knowledge that the injury violates his or her legal rights." *Keen*, 486 F. Supp. 2d at 488 (citing *Romero,* 404 F.3d at 215) (emphasis added).

In this matter, the general facts are undisputed: Plaintiff called the Plan's administrator in July 2004, to report her husband's passing and to inquire about her survivor's benefits; and that she was advised that all retirement benefits paid under the Plan would cease and did *in fact* cease effective July 2004, due to her husband's death. In this Court's opinion, this cessation of benefits was clearly an unequivocal repudiation. Plaintiff did not need notice of the Plan's terms or the Waiver form *itself* to understand the nature of this injury. *See id.* Under the Pennsylvania law above-cited, Plaintiff had four years within which to contest the denial of any future survivor benefits. Because Plaintiff did not file this declaratory judgment action until January 2013, more than eight years after benefits were denied, her claim against Defendant is time-barred.

Plaintiff, however, argues that the statute of limitations did not accrue until June 2012, when she discovered the signed Waiver form on which the Plan relied to deny future benefits. Plaintiff argues that, thereafter, she timely sought administrative remedy, *albeit* unsuccessfully, to claim her survivor's benefits, and timely filed this lawsuit against Defendant in January 2013, within four years of discovering the Waiver form.

Under the facts pled and the case law cited, this Court finds that Plaintiff's argument is without merit. Clearly, when Plaintiff inquired about the continuation of benefits, as the beneficiary and the surviving spouse, the Plan administrator's notification of July 2004, that Mr. Christian's retirement monthly benefits *ended* upon his death on June 26, 2004, constituted a

7

clear repudiation. This unmistakable repudiation or denial of future benefits was emphasized by the Plan's efforts to seek reimbursement of the retirement benefit overpayment. Plaintiff's knowledge of the cessation of benefits as of July 2004 required that Plaintiff exercise reasonable diligence to investigate the reasons why her survivor's annuity benefits were not paid pursuant to her late husband's Plan, even if the Plan representative did not offer a specific reason or mention the existence of the Waiver. Unfortunately, Plaintiff did not press the issue until the legal time to do so had expired.

Plaintiff has neither offered nor pled that Defendant misled her in any way. The Waiver form which Defendant relied on to deny her benefits was always in her possession, amongst her late husband's papers, though unknown to her. This Court finds that no extraordinary circumstances exist in this matter to equitably toll the running of the statute of limitations.[4] Plaintiff has not shown a level of diligence to merit such a court action. As stated in *Miller*, "a statute of limitations not based on reasonable discovery is effectively no limitations at all." *Id.*, 475 F.3d at 522.

---

[4] The doctrine of equitable tolling "can rescue a claim otherwise barred as untimely by a statute of limitations [only] when a plaintiff has been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *Glover v. F.D.I.C.*, 698 F.3d 139, 151 (3d Cir. 2012) (citing *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009) (citation and internal quotation marks omitted)). Equitable tolling is extended only sparingly, in circumstances "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Santos*, 559 F.3d at 197. No such circumstances exist here.

**CONCLUSION**

Based upon the foregoing analysis, this Court finds that Plaintiff did not file this declaratory judgment action within the applicable statute of limitations. Consequently, Defendant's motion to dismiss is granted. An appropriate order follows.


NITZA I. QUIÑONES ALEJANDRO, J.