# Uebler ◦ Law LLC

**JULIE A. UEBLER**
Direct Dial: (610) 688-7900
Direct Fax: (610) 337-9548
Email: juebler@ueblerlaw.com

January 10, 2014

<u>VIA FEDERAL EXPRESS AND ELECTRONC FILING</u>

The Honorable Nitza I. Quiñones Alejandro
U.S. District Court, ED of PA
4000 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1797

Re:   <u>Lynn K. Christian v. Honeywell Retirement Benefit Plan;
       Civil Action No. 2:13-cv-04144-NIQA</u>

Dear Judge Quiñones Alejandro:

  I represent Plaintiff, Lynn Christian, in the above matter.  As you may recall, the case was dismissed by the Court's Order dated December 19, 2013, which was served to counsel via the electronic case filing system on Friday, December 20, 2013.  On Monday, January 6, 2014, Defendant filed a Motion for Attorneys' Fees.  The purpose of this letter is to bring to Your Honor's attention our belief that Defendant's Motion for Attorneys' Fees was untimely filed, and to determine the appropriate way to address the issue.

  Pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, a claim for attorneys' fees must be filed no later than 14 days after the entry of judgment.  In this case, the Order dismissing the case and closing the file was dated December 19, 2013.  Thus, pursuant to the applicable Rule, any motion for attorneys' fees should have been filed by Thursday, January 2, 2014.  As a result, Defendant's Motion, which was not filed until Monday, January 6, 2014, was untimely, and should be rejected on that basis.  We acknowledge that service of the Order was not made until December 20, 2013, but Defendant's counsel made no request of Plaintiff or of the Court for relief from the filing deadline contemplated by the Rules, which is 14 days from the entry of the order, not from service.

  Even if the Court were inclined to allow Defendant to have an additional day under the Rules to file a motion for attorneys' fees because the Order was served a day after it was entered, Defendant's Motion was still untimely filed because it was not filed on Friday, January 3, 2014, but on Monday, January 6, 2014.  We understand that the winter weather caused some delays and closures in both Philadelphia and in New York, where counsel is located, but we are not aware of communications to counsel that filing deadlines that day would be automatically delayed and/or a request by Defendant's counsel to delay the deadline.  In fact, I received a voicemail message from Defendant's counsel, Amy Covert, Esquire, at 2:51 pm on Friday, January 3, 2014, indicating, among other things, that she believed Defendant's deadline to file a

Case 2:13-cv-04144-NIQA   Document 15   Filed 01/10/14   Page 2 of 4

The Honorable Nitza I. Quiñones Alejandro
January 10, 2014
Page 2

motion for attorneys' fees was that day, and that she intended to file that day. An Affidavit in which I have transcribed counsel's voicemail message is attached to this letter. I can also make the oral recording of the voicemail message available to Your Honor via conference call, if appropriate or necessary.

We have raised the issue about the timeliness of Defendant's pending Motion in the form of a letter in order to avoid potentially unnecessary formal briefing on the matter. Please let me know at your earliest convenience if Your Honor would prefer that this issue be addressed in a formal opposition brief.

In the event the Court determines that Defendant's Motion for Attorneys' Fees was timely filed, we respectfully request that the briefing and decision on the Motion be stayed until after resolution of Plaintiff's appeal of the case dismissal in the Court of Appeals for the Third Circuit.

If the Court concludes that a stay with respect to Defendant's Motion is not appropriate, we alternatively respectfully request that the deadline for filing Plaintiff's Opposition to Defendant's Motion for Attorneys' Fees be postponed until the question of the timeliness of Defendant's Motion is resolved. Right now, Plaintiff's Opposition Brief would be due on Thursday, January 23, 2014 (14 days, plus 3 days for service). Specifically, Plaintiff seeks an extension of one day for each day this inquiry relating to timeliness is pending.

We appreciate Your Honor's consideration of this inquiry.

                Sincerely,

                UEBLER LAW LLC

                */s/ Julie A. Uebler*

                Julie A. Uebler

cc:      Lynn K. Christian (w/enclosures)
          Amy Covert, Esquire (w/enclosures) (via electronic mail and electronic filing)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNN K. CHRISTIAN,<br>　　　　　Plaintiff,<br><br>v.<br><br>HONEYWELL RETIREMENT BENEFIT PLAN,<br>　　　　　Defendant. | CIVIL ACTION<br><br>No.: 2:13-cv-04144-NIQA |

### AFFIDAVIT OF JULIE A. UEBLER, ESQUIRE

I, Julie A. Uebler, hereby state the following:

1. I am counsel for Plaintiff, Lynn K. Christian, in the above-captioned matter.

2. On Friday, January 3, 2014, at 2:51 pm, I received a voicemail message from Defendant's counsel, Amy Covert, Esquire, relating to her intent to file a Motion for Attorneys' Fees in this case.

3. The voicemail contained the following message from Ms. Covert: "Hi Julie it's Amy Covert. I hope you had great holidays and [inaudible] wish you a Happy New Year. Um I was calling on the Christian v. Honeywell matter and I wanted to talk to you um about uh attorneys' fees petition and appeal um and you know whether you would agree to not appeal if we don't file for attorneys' fees [inaudible] attorneys' fees. So I wanted to uh – I was hoping we could talk today. I believe our deadline is today to file for the fees so we are going to be doing that unless I reach you. Um so if you could give me a call back that would be great. I'm working remotely today. You can reach me at 215-292-3920. Again it's 215-292-3920. Thanks a lot Julie. Bye-bye."

4. I have preserved the voicemail message, and can make it available at the Court's request.

I have read this Affidavit consisting of 2 pages. I declare under penalty of perjury, in accordance with 28 U.S.C. § 1746 regarding unsworn declarations, that the forgoing is true and correct. This Affidavit is executed on January 10, 2014.

_____
JULIE A. UEBLER, ESQUIRE

2